REBECCA M. ARAGON, Bar No. 134496
raragon@littler.com
LITTLER MENDELSON, P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, California 90071
Telephone: (213) 443-4300
Fax No.: (213) 443-4299

Attorneys for Defendant
ACTIONET, INC.

FILED
CLERK, U.S. DISTRICT COURT

JAN 31 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV14-0792 ABC (SH)

YOWAN YANG, an individual,

　　　　　Plaintiff,

　　v.

ACTIONET, INC., and DOES 1 through 10, Inclusive,

　　　　　Defendant.

CASE NO.

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

Complaint Filed: December 17, 2013

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF YOWAN YANG, AND HIS ATTORNEYS OF RECORD:

　　　　　PLEASE TAKE NOTICE that Defendant ActioNet, Inc. ("ActioNet" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles, Case No. BC530579 to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

　　　　　This case is being removed on complete diversity of citizenship pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. The specific grounds for removal are as follows:

## JURISDICTION

　　　　　1. This Court has original jurisdiction over this action pursuant to 28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1   U.S.C. §1332(a)(1), and this action is one that may be removed to this Court pursuant

2   to the provisions of 28 U.S.C. §1441(a), in that it is a civil action wherein the amount

3   in controversy for the named Plaintiff exceeds $75,000, exclusive of interest and

4   costs, and it is a civil action between citizens of different states.

5          2.   Here, complete diversity jurisdiction exists because Plaintiff is a

6   citizen of the State of California.  Defendant ActioNet is a corporation incorporated

7   and existing under the laws of the State of Virginia, and has its principal place of

8   business in Vienna, Virginia.

9                                          **VENUE**

10         3.   This action was filed in the Superior Court of California for the

11  County of Los Angeles.  Venue is proper in the United States District Court for the

12  Central District of California pursuant to 28 U.S.C. §§ 84 (c)(2), 1391 and 1446.

13                              **GENERAL INFORMATION**

14         4.   On December 17, 2013, Plaintiff filed a Complaint in the Superior

15  Court of the State of California for the County of Los Angeles, entitled *Yowan Yang v.*

16  *ActioNet, Inc.*, docketed as Case No. BC530579 (the "Complaint").   The Complaint

17  alleges seven (7) causes of action for:  (1) wrongful termination in violation of public

18  policy; (2) violation of California Civil Code § 43; (3) violation of California Civil

19  Code § 51.7; (4) violation of California Civil Code §52.1; (5) intentional infliction of

20  emotion distress; (6) negligent infliction of emotional distress; and (7) negligent

21  hiring, retention and supervision.  On January 2, 2014, Defendant was served with a

22  copy of the Summons and Complaint via its agent for service of process, Corporation

23  Service Company.  On January 30, 2014, Defendant filed its Answer to the Complaint

24  in the Superior Court of the County of Los Angeles.  On January 30, 2014, Defendant

25  filed Defendant's Motion for Peremptory Disqualification Pursuant to Code of Civil

26  Procedure § 170.6 and the related Declaration of Rebecca M. Aragon.   Attached

27  hereto as **Exhibit A** are true and correct copies of these documents and all other

28  process, pleadings, and orders served on ActioNet or otherwise part of the state court

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                  2.

1    record.   On January 28, 2014, Plaintiff served Defendant with his Statement of

2    Damages.  A true and correct copy of the Statement of Damages is attached hereto as

3    **Exhibit B**.

4           5.   Defendant is informed and believed that none of the Doe Defendants

5    have been identified or served as of the state of this Removal.

6           6.   Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all

7    process, pleadings, and orders served upon Defendant or filed or received in this

8    action by Defendant.  Moreover, no further proceedings have been conducted in this

9    case in the Superior Court of the County of Los Angeles.

10                        **TIMELINESS OF REMOVAL**

11          7.   This Notice of Removal is timely in that it has been filed by

12   Defendant within thirty (30) days after receipt by Defendant of a paper from which it

13   may first be ascertained that the case is one which is or has become removable, and

14   Defendant's Notice of Removal is not made more than one year after commencement

15   of the action.  28 U.S.C. §1446(b).  Plaintiff filed his Complaint on December 17,

16   2013.  Defendant was served with the Complaint and Summons on January 2, 2014.

17               **COMPLETE DIVERSITY OF CITIZENSHIP**

18          8.   **Plaintiff's Citizenship.**  In the Complaint, Plaintiff expressly alleges

19   that he is and at all relevant times mentioned in his Complaint worked in and was a

20   resident of Los Angeles County, California.  (Exhibit A, Complaint ¶ 3.)  On that

21   basis, Defendant alleges that Plaintiff is a citizen of the State of California. *See State*

22   *Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (place of

23   residence is *prima facie* evidence of domicile for purposes of determining citizenship).

24          9.   **Doe Defendants' Citizenship.**  Does 1 through 10, inclusive, are

25   wholly fictitious.  The Complaint does not set forth the identity or status of any said

26   fictitious defendants, nor does it set forth any charging allegation against any fictitious

27   defendants.  The citizenship of these Doe defendants is to be disregarded for the

28   purposes of determining diversity jurisdiction, and therefore cannot destroy the

diversity of citizenship between the parties in this action.  28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (citing to 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

10. **ActioNet's Citizenship.**   Plaintiff alleges in his Complaint that ActioNet "is and was at all times . . . mentioned [in the Complaint] a California business entity, and a corporation "doing business in the State of California." (*Id.* at ¶¶ 4, 8.)  ActioNet is not a citizen of California.

11. Complete diversity of citizenship exists because ActioNet is not a California citizen.  ActioNet is a corporation incorporated and existing under the laws of the State of Virginia, and has its principal place of business in Vienna, Virginia. (Declaration of Janice Raleigh ("Raleigh Decl."), ¶ 2.)

12. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  In *Hertz v. Friend*, 559 U.S. 77, 91-92 (2010), the United States Supreme Court stated the test to be applied to determine a corporation's principal place of business.  The Court concluded that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id* at 92-93.  In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id* at 95.

13. Although the *Hertz* Court did not articulate a precise test by which to determine the location of a corporation's "nerve center," prior lower court decisions applying the "nerve center" analysis are instructive in this regard.  Specifically, courts

1    have previously considered the following list of non-exclusive factors in determining

2    a corporation's "nerve center":

3                           a.    where the company's home offices are located;

4                           b.    where the directors and stockholders meet;

5                           c.    where the corporate officers and executives reside;

6                           d.    where policy decisions are made;

7                           e.    where general counsel resides and has its offices; and

8                           f.    where the administrative and financial offices are located

9    and the records kept.

10   *See, e.g., Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see*

11   *also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

12                 14. The "nerve center" of Defendant ActioNet is indisputably located in

13   Virginia.

14                           a.    ActioNet maintains its corporate headquarters in Vienna,

15   Virginia.  ActioNet's executive and administrative operations are centrally managed

16   from Vienna, Virginia. (Raleigh Decl. ¶ 2).

17                           b.    Meetings of ActioNet's Board of Directors take place in

18   Virginia, and ActioNet's financial records are maintained in Vienna, Virginia.

19   (Raleigh Decl. ¶ 3).

20                           c.    While   ActioNet   maintains   operational   facilities   in

21   California, the executive officers of ActioNet, including the chief executive officer,

22   president, and chief financial officer, maintain offices at ActioNet's headquarters in

23   Vienna, Virginia.    (Raleigh Decl. ¶ 4).

24                           d.    From its headquarters in Vienna, Virginia, ActioNet makes

25   and implements company-wide operating, financial, employee relations, accounting,

26   income tax, and policy decisions.  ActioNet's tax returns are neither prepared in nor

27   filed from California. (Raleigh Decl. ¶ 5).

28

1    15. As set forth above, complete diversity of citizenship exists in the

2  instant case because the parties, Plaintiff and ActioNet, are citizens of different states.

3    16. No other party is named or has been validly served as of the date of

4  this Notice of Removal.

## AMOUNT IN CONTROVERSY

6    17. Defendant denies the validity and merit of all of Plaintiff's claims, the

7  legal theories upon which they are purportedly based, and the claims for monetary and

8  other relief that flow from them.  However, for purposes of removal only, and without

9  conceding that Plaintiff is entitled to any damages or penalties, assuming, *arguendo*,

10  the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish

11  an amount in controversy in excess of the jurisdictional minimum of $75,000, as

12  required by 28 U.S.C. § 1332.

13    18. Plaintiff's complaint is silent as to the total amount of monetary relief

14  claimed.  However, failure of the Complaint to specify the total amount of monetary

15  relief sought personally by Plaintiff does not deprive this Court of jurisdiction.  *See*

16  *White v. J.C. Penny Life Ins.* Co., 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant

17  may remove suit to federal court notwithstanding the failure of plaintiff to plead a

18  specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could

19  avoid removal simply by declining . . . to place a specific dollar claim upon its

20  claim.").   Defendants need only establish by a preponderance of evidence that

21  Plaintiff's claims exceed the jurisdictional minimum. *See Sanchez v. Monumental Life*

22  *Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins.*

23  *Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

24    19. Plaintiff filed his Complaint in state court as an unlimited jurisdiction

25  matter (i.e., Plaintiff alleges that the amount in controversy exceeds $25,000) (*See*

26  Exhibit A, State Civil Case Cover Sheet attached to Complaint).

27    20. In his Complaint, Plaintiff's alleged damages include: unspecified

28  amounts for general damages, including for mental and emotional distress; special

damages, including medical bills and past and future loss of earnings, bonuses, and benefits; punitive and exemplary damages; attorneys' fees; statutory damages; and interest. (Complaint ¶¶ 1, 28, 30, 36, 38, 42, 45, 49, 52, 54, 57, 62, 63, 65 and Prayer for Relief).

21. **General and Special Damages.** General and special damages may be considered when determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Alabama*, 320 U.S. 238, 241-43 (1943); *Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1464-65 (S.D. Ala. 1993); *Richmond v. All State Insurance*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

22. **Punitive Damages.** In addition to compensatory damages, Plaintiff seeks to recover punitive or exemplary damages and damages for emotional distress. (Complaint ¶¶ 30, 54, and 65 and Prayer for Relief). The punitive damages sought by Plaintiff are properly included in computing the jurisdictional amount. *See Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (*citing Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond*, 897 F. Supp. at 450 (general and special damages included in the amount in controversy). A removing defendant may demonstrate that it is "facially apparent" from the Complaint that the claims likely exceed the $75,000 amount in controversy by showing that punitive damages have been pled. *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (finding that it was "facially apparent" that plaintiff's wrongful termination claim exceeded the $75,0000 amount in controversy based on his "lengthy list of compensatory and punitive damages."). Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal 2002). An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *Id.* at 1034 (citing case in which an award for pain and

1   suffering in an employment discrimination case totaled $3.5 million, and recognizing

2   that "emotional distress damages in a successful employment discrimination case may

3   be substantial"). Although Defendant denies that it should be liable for punitive

4   damages, or any damages whatsoever in this case, for purposes of assessing whether

5   the amount in controversy is satisfied, jury verdicts in various discrimination cases in

6   California reflect that were Plaintiff to prevail at trial, her damages would likely be in

7   excess of the $75,000 threshold. *See, e.g., Roby v. McKesson, Corp.*, 47 Cal. 4th 686,

8   719-720 (2009) (jury award of $15,000,000 in punitive damages in FEHA

9   discrimination and wrongful termination case reduced to $1,905,000); *Smith v.*

10  *Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 516-20 (1987) ($230,000

11  award of punitive damages for constructive discharge upheld).     Taking into

12  consideration that Plaintiff seeks many types of damages in excess of his lost

13  earnings, the amount of damages claimed by Plaintiff meets the minimum amount in

14  controversy.

15        23. **Attorneys' Fees.**  Plaintiff also seeks to recover attorneys' fees and

16  costs. (Complaint ¶¶ 31, 45, 49, 52, 57, 63 and Prayer for Relief).  The attorneys' fee

17  claim is included in determining the amount in controversy when, as in the case at

18  hand, Plaintiff is claiming attorneys' fees pursuant to statute.   *Galt G/S v. JSS*

19  *Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute

20  authorizes an award of attorneys' fees, . . . such fees may be included in the amount in

21  controversy.").   While Plaintiff's attorney's fees cannot be precisely calculated, it is

22  reasonable to assume that they could exceed a damages award.  *Simmons v. PCR*

23  *Technology, supra*, 209 F. Supp. 2d at 1035.  Attorneys' fee awards in FEHA cases

24  can be sizeable.  *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000)

25  (recognizing that award of attorney's fees of $376,520 may be appropriate in FEHA

26  where compensatory damages were only $30,000).   Other California courts have

27  upheld large attorney's fee awards in FEHA cases.  *See Flannery v. Prentice*, 26

28  Cal.4th 572 (2001) (affirming award of attorney's fees and costs of $891,042);

*Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorney's fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

24. **Plaintiffs' Statement of Damages.** In Plaintiff's Statement of Damages, Plaintiff states that he has "incurred medical bills in a presently unknown amount." Exhibit B. He describes alleged non-economic damages "in an amount to be calculated by an expert at trial." *Id.* He asserts that he is entitled to attorneys' fees. *Id.* And he states that he has "suffered a loss of earnings, with an estimated loss of salary at $48,000 per year with loss of benefits (life insurance, short term/long term disability, health insurance." *Id.* Plaintiff alleges that he was terminated unlawfully on July 25, 2012, and has not been able to find employment since that date. Exhibit A, Complaint, ¶¶ 20, 22. Plaintiff's claimed loss of income over the approximately eighteen past months (from July 25, 2012 until January 31, 2014, the date of this Removal) amounts to approximately $72,000: ($48,000 / 12 months) x 18 months = $72,000. Based on Plaintiff's own Statement of Damages, that alleged base figure of $72,000, combined with his alleged medical bills, other requested damages, bonuses and benefits, punitive damages, and attorneys' fees, easily places the amount in controversy over $75,000. *See* Exhibit B.

25. **Defendants' Records.** Defendant's records also place the amount in controversy over $75,000. Plaintiff was employed full-time as a Help Desk Technician at ActioNet's California facility. (Raleigh Decl. ¶ 7.) According to Defendant's records, for the approximately 8 month period between April 24, 2010 and December 31, 2010, Plaintiff earned hourly, overtime, and shift differential wages totaling $36,074.53, plus 401K, medical, dental, vision, life, and disability insurance benefits. *Id.* Not including benefits, this amount results in an estimated annualized compensation in 2010 of approximately $54,111.80: ($36,074.53 / 8 months) x 12 months = $54,111.80.

26. Between January 1, 2011 and December 31, 2011, Plaintiff earned hourly, overtime, and shift differential wages totaling $55,101.32, plus benefits. *Id.*

27. Between January 1, 2012 and July 25, 2012, Plaintiff earned hourly, overtime, and shift differential wages totaling $39,202.45, plus benefits. *Id.*

28. Each of these three year's annualized or final total compensation figures exceeds Plaintiff's estimated $48,000 annual salary figure (assuming, *arguendo*, that between his termination and January 31, 2014, Plaintiff would have continued to be employed and working at the same level of productivity). These compensation figures would result in an amount in controversy that exceeds $75,000, considering only Plaintiff's claimed loss of income over the eighteen months between July 25, 2012 and January 31, 2014. Indeed, these figures do not even include Plaintiff's requested punitive, special, and other damages, or attorneys' fees.

29. Based upon the pleadings, Plaintiff's own Statement of Damages, and Defendant's records, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Defendant has carried its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00.

30. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendants to this Court pursuant to 28 U.S.C. § 1441(a), in that is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

## NOTICE TO PLAINTIFF AND CLERK OF THE LOS ANGELES COUNTY SUPERIOR COURT

31. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of

1     such filing will be given by the undersigned to Plaintiff's counsel of record.   In

2     addition, a copy of Notice of Removal will be filed with the Clerk of the Court for the

3     Superior Court of California, County of Los Angeles.

4            WHEREFORE, having provided notice as is required by law, the above-

5     entitled action should be removed from the Superior Court for the County of Los

6     Angeles to this Court.

7     Dated: January 31, 2014               LITTLER MENDELSON, P.C.

8

9

10                                   REBECCA M. ARAGON
                                  Attorneys for Defendant

11                                   ACTIONET, INC.

12

13     Firmwide:125152917.2 072148.1003

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 12017312
Date Processed: 01/03/2014

| Primary Contact: | Braden Thomas<br>ActioNet, Inc.<br>2600 Park Tower Drive<br>Suite 1000<br>Vienna, VA 22180 |
|---|---|

| Entity: | Actionet, Inc.<br>Entity ID Number  3044610 |
|---|---|
| Entity Served: | Actionet, Inc. |
| Title of Action: | Yowan Yang vs. Actionet, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC530579 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 01/02/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | V. James DeSimone<br>310-396-0731 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com




SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

ACTIONET, Inc., and DOES 1 - 10, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YOWAN YANG, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| Superior Court of California |
| County of Los Angeles |
| DEC 1 7 2013 |
| Sherri R. Carter, Executive Officer/Clerk |
| By *Cristina Grijalva* Deputy |
| Cristina Grijalva |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court, County of Los Angeles<br>Central District<br>111 N. Hill St. Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 5 3 0 5 7 9** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
V. James DeSimone, 723 Ocean Front Walk, Venice, CA 90291   Tel: (310) 396-0711

| DATE: DEC 1 7 2013<br>*(Fecha)* | **SHERRI R. CARTER** | Clerk, by<br>*(Secretario)* | *CRISTINA GRIJALVA* | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
| --- | --- | --- |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| V. James DeSimone, SBN 119668<br>Kunti Dudakia, SBN 279090<br>Schonbrun DeSimone Seplow Harris & Hoffman LLP<br>723 Ocean Front Walk, Venice CA 90291 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 17 2013<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____<br>Cristina Grijalva, Deputy |

TELEPHONE NO.: (310) 396-0731   FAX NO.: (310) 399-7040
ATTORNEY FOR *(Name)*: Plaintiff Yowan Yang

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Yowan Yang v. ACTIONET, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>BC530579 |
|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000)    ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 17, 2013
Kunti Dudakia
_____ ▶ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE: YANG v. ACTIONET, Inc., et al. | CASE NUMBER BC530579 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  8  ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4



| SHORT TITLE | CASE NUMBER |
|---|---|
| YANG v. ACTIONET, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Approved 03-04

Local Rule 2.0

Page 2 of 4

 

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| YANG v. ACTIONET, Inc., et al. | | |

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev  03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: YANG v. ACTIONET, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II , Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Incident occurred at:<br>15000 East Aviation |
|---|---|
| CITY: Lawndale | STATE: CA | ZIP CODE: 90261 | |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __December 17, 2013__

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

A6037
90261

V. James DeSimone, SBN 119668
vjdesimone@gmail.com
Kunti Dudakia, SBN 279090
kdudakia@sdshhlaw.com
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone No.: (310) 396-0731
Facsimile No.: (310) 399-7040

Attorneys for PLAINTIFF Yowan Yang

**FILED**
Superior Court of California
County of Los Angeles

DEC 17 2013

Sherri R. Carter, Executive Officer/Clerk
By _Cristina Grijalva_ Deputy
Cristina Grijalva

D30  Barbara Scheper

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

BC530579

| | |
|---|---|
| Yowan Yang, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>ACTIONET, Inc., and DOES 1 through 10, Inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CLAIMS FOR:**<br><br>1. Wrongful Termination in Violation of Public Policy<br>2. Violation of California Civil Code § 43<br>3. Violation of California Civil Code §51.7<br>4. Violation of California Civil Code §52.1<br>5. Intentional Infliction of Emotion Distress<br>6. Negligent Infliction of Emotional Distress<br>7. Negligent Hiring, Retention and Supervision;<br><br>**DEMAND FOR JURY TRIAL** |

CITY/CASE: LEA/DEF#:  BC530579
RECEIPT #: CCH195707038
DATE PAID: 12/17/13  01:35 PM
PAYMENT: $435.00  310
RECEIVED:
  CHECK:  $435.00
  CASH:  $0.00
  CHANGE:  $0.00
  CARD:  $0.00

COMPLAINT

- 1 -

1        Plaintiff YOWAN YANG, on information and belief, makes the following allegations

2   to support this Complaint:

3

4   <u>**NATURE OF ACTION**</u>

5       1.    Plaintiff YOWAN YANG (hereinafter "Plaintiff" or "MR. YANG") brings this action

6   against Defendants ACTIONET, INC. ("ACTIONET") and DOES 1 through 10, inclusive, seeking,

7   among other things, statutory and compensatory damages arising out of Defendants' violation of

8   California Civil Code Sections 43, 51.7 and 52.1, wrongful termination in violation of public policy,

9   intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring,

10  supervision & retention, and related damages.

11      2.    On July 25, 2012, ACTIONET wrongfully terminated Plaintiff from employment, in

12  violation of public policy and in retaliation for his complaints about employee safety and welfare, his

13  effort to protect employees' rights and safety and because he reported a violent assault by a co-worker.

14  MR. YANG was terminated only one day after he made complaints of assault, battery, workplace

15  violence and his employer's refusal to take corrective action to provide protection from workplace

16  violence.

17

18  <u>**PARTIES AND THEIR AGENTS**</u>

19      3.    MR. YANG  is a 48-year-old man and, at all times mentioned herein was, a resident of

20  the State of California and, at the time of the incident, was an employee at ACTIONET, an

21  information technology company doing business in Lawndale which is located Los Angeles County,

22  California. MR. YANG was the victim of wrongful termination in violation of the California Labor

23  Code and public policy and of Defendants' failure to protect its employee against workplace violence,

24  and thus brings this action against Defendants.

25      4.    Defendant ACTIONET (hereinafter "ACTIONET") is and was at all times herein

26  mentioned, a California business entity, doing business at 15000 East Aviation, Lawndale, California

27  90261 under federal contract at a Federal Aviation Agency Regional Office. In doing the acts herein

28  alleged, its employees, including their supervisors and managers, acted within the course and scope of

their employment with ACTIONET, engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and is vicariously liable for the wrongful conduct of its employees.

5.     Plaintiff is informed and believe and thereon alleges that at all relevant times Does 1-10 were duly authorized ACTIONET employees and agents, acting within the course and scope of their employment.  The true names of Does 1-10 are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are residents of the County of Los Angeles. At all relevant times, Defendants DOES 1 through 10 were under the direct supervision, employ, and control of Defendant ACTIONET In doing the acts alleged herein, Defendants 1 through 10 were acting within the course and scope of their employment and agency with Defendant ACTIONET.

6.     The true names and capacities of Defendants named herein as DOES 1 through 10, inclusive, is unknown to Plaintiff who therefore sues such defendants by such fictitious names pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes that the DOE defendants are California residents. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when they have been ascertained. Each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein alleged and Plaintiff's damages as herein alleged were proximately caused by those Defendants. At all times herein mentioned, Defendants DOES 1 through 10, inclusive, were the agents, servants, or employees of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as those agents, servants, or employees, and with the permission and consent of their co-defendants.

7.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times each Defendant was the agent of the other Defendants, and in doing the things herein alleged, each Defendant was acting in the course and scope of such agency, with the consent, notification, and permission of each of the other Defendants.  Each Defendant ratified the actions of the other Defendants and named employees as alleged herein.

## JURISDICTION AND VENUE

8.      This court has personal jurisdiction over the defendants because they are residents of and/or doing business in the State of California.

9.      Venue is proper in this county in accordance with Section 395 (a) of the California Code of Civil Procedure because (a) the defendants, or some of them, reside in Los Angeles County and (b) the injury occurred in Los Angeles County.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     MR. YANG was a loyal employee of ACTIONET beginning in April 2010, when ACTIONET took over a federal contract with L-3 Communication, Inc., a company with which MR. YANG had been employed since September 2008.   MR. YANG worked as an information technology technician and excelled at his job. Cy Tymony ("Mr. Tymony") was hired a few months after MR. YANG and worked in the same team.

11.     Mr. Tymony was placed at cubicle next to MR. YANG, approximately only 8 to 10 feet away from him.  Soon after his hire and until MR. YANG's termination, Mr. Tymony exhibited erratic, disruptive and threatening behavior towards his coworkers.  Prior to Mr. Tymony's hire, MR. YANG had no problems getting along with all other employees at ACTIONET. MR. YANG also received good performance reviews and at no time was subjected to any disciplinary action.

12.     After Mr. Tymony was hired, Mr. Tymony regularly exhibited violent and dangerous work place temper tantrums during which he endangered the safety of his fellow employees of ACTIONET.

13.     During one incident, several employees informed MR. YANG that Mr. Tymony had been drinking their coffee.  MR. YANG tried to explain to Mr. Tymony that his coworkers usually pooled their money for coffee and that he should not be drinking their coffee.  In response, Mr. Tymony exploded in anger and responded, "I drank my own fucking coffee."   Soon after, at a departmental weekly meeting in which managers and supervisors were present, Mr. Tymony took out a bag of coffee and waved it in front of all the employees and yelled out that he drinks his own coffee.

14.     On several occasions, Mr. Tymony unreasonably expressed anger at MR. YANG for placing his coke cans in the freezer.  Another time, Mr. Tymony became angry at MR. YANG for

1  kicking his foot against MR. YANG's own chair.  MR. YANG continuously attempted to comply with

2  Mr. Tymony's bullying demands, however unreasonable and unjustified they were.

3      15.  In the time period prior to his termination, MR. YANG attended a team meeting

4  attended by Mr. Tymony, coworkers and a Manager. MR. YANG was eating candy during the time of

5  the meeting.  When the meeting was almost over, Mr. Tymony jumped out of his chair and exploded

6  in a temper tantrum directed at MR. YANG.  He screamed out, "Can you stop eating? You don't

7  respect anyone, your co-workers, not even your manager!"  He said "fuck" several times and hit the

8  cubicle with his fist approximately 2-3 times.  Plaintiff is informed and believes and thereon alleges

9  that Plaintiff's fellow employee filed a complaint about the incident with Mr. Lyles, who was also

10  present at the meeting. However, no corrective action was ever taken to discipline Mr. Tymony or to

11  prevent further dangerous and unsafe conditions in the workplace, including threats of violence and/or

12  violence against employees. Manager Harry Cometa ("Manager Cometa") was told about this incident

13  when he replaced Mr. Lyles by another employee and co-worker of MR. YANG, Johnny Holms.

14      16.  Then on or about July 24, 2012, MR. YANG was working the 1:30 p.m. to 10:00 p.m.

15  shift with three other coworkers, including Mr. Tymony.  Manager Cometa called Plaintiff into his

16  office to discuss a noise complaint that Mr. Tymony had made about MR. YANG.  MR. YANG

17  explained that Mr. Tymony unjustifiably does not like MR. YANG and explained that he can no

18  longer even wear shoes in his own cubicle because of the unreasonable complaints. Mr. Tymony has

19  directed at MR. YANG.  MR. YANG did everything Mr. Tymony asked him and told him that if I do

20  anything that bothers you, please let me know and I will do my best to stop to make you comfortable.

21  The manager asked MR. YANG whether he would be willing to move his cubicle.  MR. YANG

22  indicated that he would prefer not to because he likes his other coworkers (other than Mr. Tymony)

23  that sit near his cubicle, but instead requested that Mr. Tymony be moved.  MR. YANG also indicated

24  that he would be willing to move if Mr. Tymony were not willing to do so.

25      17.  Thereafter, Manager Cometa called Mr. Tymony into his office.  Approximately 20 to

26  30 minutes later, Mr. Tymony left the office and looked upset. He then ran outside with his telephone.

27  Soon after he approached MR. YANG while on the phone with someone else.  Plaintiff is informed

28  and believes, and thereon alleges, that Mr. Tymony intended MR. YANG to overhear this

1  conversation. Mr. Tymony said loudly, in an angry intimidating tone meant for MR. YANG to hear,

2  that, this "Korean" co-worker chews ice and is an "asshole". Then Mr. Tymony ran toward MR.

3  YANG screaming, "You fucking asshole, stop that."

4    18.    MR. YANG was shocked at Mr. Tymony's outburst and waited until Mr. Tymony

5  calmed down. Then MR. YANG suggested that to resolve any issues that they may have, it would be

6  best if Mr. Tymony moved his cubicle. Without justification, Mr. Tymony then grabbed Plaintiff's

7  neck and shouted "I will kill you. I will shoot you if you do that again." MR. YANG was extremely

8  shocked and fearful due to Mr. Tymony's violent behavior. MR. YANG then informed Mr. Tymony

9  that he would have to make a complaint about Mr. Tymony for assaulting and battering him and

10 threatening to kill him. This incident between 2:00-4:00 pm on July 24, 2012.

11   19.    The building security then came on to the scene. Building security separated both MR.

12 YANG and Mr. Tymony and MR. YANG was taken outside, even though it was Mr. Tymony who

13 initiated and perpetuated the violent behavior in the workplace. Thereafter officers of the Department

14 of Homeland Security detained both MR. YANG and Mr. Tymony and took them both to the FAA

15 lobby area. Mr. Tymony was handcuffed to a chair. Without adequately investigating or questioning

16 MR. YANG about the incident, Plaintiff is informed and believes, and thereon alleges, that Homeland

17 Security Inspector Harris contacted Manager Cometa for direction pertaining to the two employees.

18 Mr. Yang told FAA Safety Investigation Managers about the prior incidents with Mr. Tymony and

19 ACTIONET's failure to take any preventative actions.

20   20.    On July 25, 2012, ACTIONET terminated MR. YANG's employment for cause, but

21 without justification and providing a reasonable explanation.

22   21.    MR. YANG was terminated only one day after he made complaints to FAA Safety

23 Investigation Managers of assault, battery, workplace violence and ACTIONET'S refusal to take

24 corrective action to provide protection from workplace violence. Specifically, MR. YANG was

25 assaulted by a co-worker and his life was threatened after MR. YANG requested that his co-worker's

26 cubicle be moved because of the co-worker's pattern of disruptive, erratic, and threatening conduct.

27 Instead of taking appropriate corrective action against the person who assaulted and threatened MR.

28

COMPLAINT
- 6 -

YANG, ACTIONET abruptly terminated MR. YANG citing the incident in which he was threatened and assaulted as the reason for his termination.

22.     MR. YANG was devastated by this termination as he could not believe that the company to which he dedicated his efforts would abjectly abandon him through termination at a time when he needed its protection.  He has not found comparable employment despite his best efforts and is extremely anxious and depressed that he has a "for cause" termination on his record.  The fact that this termination is unwarranted only compounds the harm in that there is no good answer to the question when he is asked by prospective employers as to the reason why ACTIONET terminated his employment.  MR. YANG's current unemployment and job search serves as a constant reminder of the mistreatment to which he was subjected by ACTIONET and only adds to his anxiety and depression.

23.     MR. YANG has and continues to suffer severe emotional distress as a result of Defendants' unlawful conduct.  MR. YANG has and continues to suffer from loss of sleep, severe anxiety and a severely diminished quality of life due to this incident because of Defendants' wrongful conduct.

## FIRST CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### [AGAINST ALL DEFENDANTS]

24.     Plaintiff restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 24 above.

25.     As set forth herein, defendants, and each of them, wrongfully terminated MR. YANG's employment in violation of various fundamental public policies of the State of California.  These fundamental public policies are embodied in, *inter alia*, the following statutes, codes, and regulations: Labor Code Section 6400 ("Every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein."); Labor Code Section 6401 ("Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of

employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety, and health of employees."); Labor Code Section 6402 ("No employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful."); Labor Code Section 6403 ("No employer shall fail or neglect to do any of the following: [¶] (a) To provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe. [¶] (b) To adopt and use methods and processes reasonably adequate to render the employment and place of employment safe. [¶] (c) To do every other thing reasonably necessary to protect the life, safety, and health of employees."); Labor Code Section 6404 ("No employer shall occupy or maintain any place of employment that is not safe and healthful."); Labor Code Section 6410(a) ("No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following: . . . Made any oral or written complaint to . . . his or her employer."); Code of Civil Procedure Section 527.8(a) ("Any employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an injunction on behalf of the employee and, at the discretion of the court, any number of other employees at the workplace, and, if appropriate, other employees at other workplaces of the employer."); Labor Code Section 6310(a)(1) ("No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following: [¶] (1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative."); Labor Code Section 1102.5(c) ("An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."); *Franklin v. Monadnock Co.*, 151 Cal.App.4th 252 (2007)(holding that it is the policy of the State of California to protect an employee who complains in good faith about working conditions or practices which he reasonably believes to be unsafe); and various other statutes, codes, and regulations.

26.     MR. YANG is informed and believes, and thereon alleges, that his termination occurred because Defendant ACTIONET and Does 1-10 failed to provide a workplace free from violence or the threat of violence and/or by failing to act on his complaints that the workplace was unsafe.

27.     MR. YANG is informed and believes, and thereon alleges, that the ACTIONET's requirement that MR. YANG work in a workplace with Mr. Tymony's violent propensities was violative of the above labor code violations and thereby of fundamental policies of the State of California.

28.     By the aforesaid acts and omissions of defendants, and each of them, MR. YANG has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

29.     As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. YANG has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, shame, embarrassment, fright, shock, pain, discomfort and anxiety.  MR. YANG does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

30.     MR. YANG is informed and believes and thereon alleges that the defendants, and each them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of MR. YANG, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

31.     As a result of Defendants' conduct as alleged herein, MR. YANG is entitled to reasonable attorney's fees and costs of suit as provided in Section 1021.5 of the California Civil Procedure Code.

//

//

//

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE § 43**

**[AGAINST ALL DEFENDANTS]**

32.     Plaintiff restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 32 above.

33.     California Civil Code Section 43, provides that "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

34.     As alleged herein, and in violation of California Civil Code Section 43, Defendants ACTIONET and DOES 1 through 10, and each of them, failed to provide a workplace free from violence and bodily harm by failing to act on MR. YANG's complaints that the workplace was unsafe. Defendants' refusal to take corrective action and provide protection from workplace violence violates the law because Mr. Tymony, an employee, was acting during the course and scope of employment when he physically grabbed MR. YANG's neck and threatened to kill him.

35.     MR. YANG is informed and believes, and thereon alleges, that the ACTIONET's requirement that MR. YANG work in a workplace with Mr. Tymony's violent propensities was violative of Section 43 of the California Civil Code.

36.     By the aforesaid acts and omissions of defendants, and each of them, MR. YANG has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

37.     As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. YANG has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, shame, embarrassment, fright, shock, pain, discomfort and anxiety.   MR. YANG does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

38.     As a direct and proximate cause of the aforementioned acts of Defendants', Plaintiff was injured as set forth above, and is entitled to damages.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.7

## [AGAINST ALL DEFENDANTS]

39.     Plaintiff restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 39 above.

40.     California Civil Code Section 51.7, provides that "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

41.     As alleged herein, Defendants failed to provide a workplace free from violence and bodily harm by failing to act on MR. YANG's complaints that the workplace was unsafe. Defendants' refusal to take corrective action and provide protection from workplace violence violates this Section.

42.     MR. YANG is informed and believes, and thereon alleges, that the ACTIONET's requirement that MR. YANG work in a workplace with Mr. Tymony's violent propensities was violative of Section 51.7 of the California Civil Code as he was not protected from bodily restraint or harm as provided by law.   Mr. Tymony's violent conduct was perpetrated as an employee of ACTIONET which is vicariously liable for his conduct.

43.     By the aforesaid acts and omissions of defendants, and each of them, MR. YANG has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

44.     As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. YANG has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, shame, embarrassment, fright, shock, pain,

1   discomfort and anxiety.   MR. YANG does not know at this time the exact duration or permanence of

2   said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are

3   reasonably certain to be permanent in character.

4        45.    As a direct and proximate cause of the aforementioned acts of Defendants', Plaintiff

5   was injured as set forth above, and is entitled to statutory damages under California Civil Code § 51.7,

6   as well as compensatory damages and attorneys' fees.

7

8

9   **FOURTH CAUSE OF ACTION**

10   **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

11   **[AGAINST ALL DEFENDANTS]**

12        46.    Plaintiff realleges each and every allegation as contained in paragraphs 1 through 46,

13   inclusive, of this complaint and incorporates the same herein by reference as though set forth at

14   length.

15        47.    On or about the above stated dates, and sometime prior thereto, Defendants violated

16   Plaintiff's civil rights, guaranteed by the Bane Civil Rights Act, the California Constitution and the

17   laws of the State of California thereby violating California law, including, but not limited to,

18   California Civil Code Section 52.1.

19        48.    Defendants knew, or should have known, based on the Plaintiff's prior complaints and

20   and witnesses during the incident that MR. YANG was threatened by ACTIONET employee, Mr.

21   Tymony with violence and bodily harm alleged herein and in violation of California Civil Code

22   Section 51.7. Mr. Tymony's violent conduct was perpetrated as an employee of ACTIONET which is

23   vicariously liable for his conduct.

24        49.    As a proximate result of the aforementioned acts of Defendants, Plaintiff suffered

25   damages in a sum according to proof, and is entitled to damages, statutory damages, treble damages,

26   attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

27   ///

28   ///

# FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### [AGAINST ALL DEFENDANTS]

50.     Plaintiff restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 50 above.

51.     Defendants' conduct as described above was extreme and outrageous and was done with the intent of causing MR. YANG to suffer emotional distress or with reckless disregard as to whether their conduct would cause him to suffer such distress.

52.     By the aforesaid acts and omissions of defendants, and each of them, MR. YANG has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

53.     As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. YANG has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to MR. YANG. MR. YANG does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

54.     MR. YANG is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of MR. YANG, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

///

///

///

SIXTH CAUSE OF ACTION

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

[AGAINST ALL DEFENDANTS]

55.    Plaintiff restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 55 above.

56.    In the alternative, defendants' conduct, as alleged above, was done in a careless or negligent manner, without consideration for the effect of such conduct upon MR. YANG's emotional well-being.

57.    By the aforesaid acts and omissions of defendants, and each of them, MR. YANG has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

58.    As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. YANG has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to MR. YANG.  MR. YANG does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

///

///

///

///

///

///

///

///

COMPLAINT

- 14 -

## SEVENTH CAUSE OF ACTION

## NEGLIGENT HIRING, RETENTION AND SUPERVISION

### [AGAINST ALL DEFENDANTS]

59.     Plaintiff restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 59 above.

60.     Defendant ACTIONET and DOES 1 through 10, inclusive, knew or reasonably should have known that Mr. Tymony would engage in violent workplace conduct against MR. YANG and that, as a direct and proximate result of those violations, MR. CORONA would suffer injuries as alleged herein.

61.     Defendants had the authority to supervise, prohibit, control, and/or regulate Mr. Tymony so as to prevent these acts and omissions from occurring.

62.     Defendants failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate defendant Mr. Tymony.  As a direct and proximate result of defendants' negligent hiring, retention and supervision, control and regulation of Mr. Tymony, MR. YANG has suffered and continues to suffer injuries entitling him to damages in amounts to be proven at trial.

63.     By the aforesaid acts and omissions of defendants, and each of them, MR. YANG has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

64.     As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, MR. YANG has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to MR. YANG. MR. YANG does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

65.     MR. YANG is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts,

1 | engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful
2 | and conscious disregard of the rights, welfare and safety of MR. YANG, thereby justifying the award
3 | of punitive and exemplary damages in an amount to be determined at trial.
4 | //
5 | //
6 |
7 |
8 | **PRAYER FOR RELIEF**
9 | WHEREFORE, Plaintiff seeks judgment as follows:
10 | 1.      General and Compensatory damages as set forth throughout the complaint according to
11 | proof with prejudgment interest thereon to the extent allowable by law;
12 | 2.      Damages for severe emotional distress, physical pain and suffering, physical injury,
13 | humiliation, grief, nervousness, shame, fright, anxiety, depression, panic attacks, sorrow, worry, low
14 | self-esteem and related emotional and mental anguish in an amount to be determined by the jury at the
15 | trial of this matter;
16 | 3.      Damages for medical expenses and related items of expenses in an amount to be
17 | determined by the jury at the trial of this matter;
18 | 4.      Damages for past loss of earnings, bonuses and benefits, in spite of continuing attempts
19 | at mitigating damages, with such damages, increasing each day, plus interest in an amount to be
20 | determined by the jury at the trial of this matter;
21 | 5.      Damages for future loss of earnings, bonuses and benefits, in spite of continuing
22 | attempts at mitigating damages, in an amount to be determined by the jury at the trial of this matter;
23 | 6.      All applicable civil penalties pursuant to Section 2698, et. seq., of the California Labor
24 | Code for violation of Sections 1102.5 and 6310 of the California Labor Code;
25 | 7.      The award of punitive and exemplary damages against Defendant in an amount to be
26 | proven at trial.
27 | 8.      Reasonable attorneys' fees and costs;
28 | 9.      Interest, including prejudgment interest, as allowed by law;

10.    Such other and further relief as the court deems just and proper.

Dated:  December 17, 2013

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP

By: _____
     V. James DeSimone
     Kunti Dudakia
     Attorney for Plaintiff

COMPLAINT
- 17 -

## DEMAND FOR JURY TRIAL

Plaintiff Yowan Yang hereby demands a trial by jury on all claims.

Dated: December 17, 2013

By: _____

V. James DeSimone
Kunti Dudakia
Attorney for Plaintiff

COMPLAINT

- 18 -

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number

BC530579

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Michael Johnson | 56 | 514 |
| Hon. Terry A. Green | 14 | 300 | Hon Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | | | |
| Hon. Michael P. Linfield | 34 | 408 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle\*** | **323** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |

**\*Complex**

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on DEC 1 7 2013                    SHERRI R. CARTER Executive Officer/Clerk

By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                                      (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                     ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____                     ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____                     ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____                     ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____                     ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____                     ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____                     ➤ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td rowspan="3">Reserved for Clerk's File Stamp</td></tr>
</table>

| | |
|---|---|
| TELEPHONE NO.: | |
| E-MAIL ADDRESS (Optional): | FAX NO. (Optional): |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

Date:

_____     ➤     _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:  _____     _____
                                                              JUDICIAL OFFICER

1   V. James DeSimone, SBN 119668
     vjdesimone@gmail.com
2   Kunti Dudakia, SBN 279090
     kdudakia@sdshhlaw.com
3   SCHONBRUN DESIMONE SEPLOW
     HARRIS & HOFFMAN LLP
4   723 Ocean Front Walk
     Venice, CA 90291
5   Telephone: (310) 396-0731
     Facsimile: (310) 399-7040
6

7   Attorneys for Plaintiff Yowan Yang

8

**FILED**
Superior Court of California
County of Los Angeles

DEC 1 9 2013

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
      Shaunya Bolden

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF LOS ANGELES

11

12   YOWAN YANG, an individual,

13        Plaintiff,

14

15          vs.

16   ACTIONET, INC. and DOES 1-10, inclusive

17       Defendants.

18

19

| | |
|---|---|
| Case No: BC530579 | |
| **Hon. Barbara Scheper** **Dept. 30** | |
| **NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF KUNTI DUDAKIA IN SUPPORT THEREOF** | |

20

21

22

23

24

25

26

27

28

1.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE
PURSUANT TO CCP SECTION 170.6; DECLARATION IN SUPPORT THEREOF

**TO THE COURT AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 170.6, Plaintiff Yowan Yang hereby moves this Court for a peremptory challenge of the Honorable Barbara Scheper to whom the above referenced case has been assigned for all purposes, on the grounds that Judge Scheper is prejudiced against Plaintiff or his interests in this litigation, such that Plaintiff believes he cannot receive a fair and impartial trial or hearing.

This Motion is based upon this Notice of Motion and the attached Declaration of Kunti Dudakia as well as the pleadings and papers previously filed in this action.

Plaintiff respectfully requests that the Court grant the relief requested herein and that this matter be assigned to a different judge for all purposes.

Dated: December 19, 2013

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP

By: _____
V. James DeSimone
Kunti Dudakia
Attorneys for Plaintiffs

2.

## DECLARATION OF KUNTI DUDAKIA

I, Kunti Dudakia, declare as follows:

1.      I am an attorney admitted to practice law in the State of California and am an associate with the law firm of Schonbrun, DeSimone, Seplow, Harris & Hoffman LLP, attorneys of record for Plaintiff in the above-entitled case.  The matters stated herein are within my personal knowledge and I can therefore testify competently to these matters.

2.      I am informed and believe that Judge Barbara Scheper, to whom the above referenced case has been assigned for all purposes, is prejudiced against my client, Yowan Yang, or his interests in this litigation such that I believe Plaintiff cannot have a fair and impartial trial or hearing before Judge Scheper.

3.      This motion is timely filed within 15 days of Plaintiff first receiving notice that Judge Scheper was assigned to this case for all purposes.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2013, at Venice, California.

_____
Kunti Dudakia
Attorney for Plaintiffs

NOTICE SENT TO:

Schonbrun Desimone Seplow Harris & Hoff
723 Ocean Front Walk
Venice          CA    90291

**FILED**
Superior Court of California
County of Los Angeles

**DEC 19 2013**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Patricia Mapstead

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| YOWAN YANG | Plaintiff(s), | **CASE NUMBER** |
| VS. | | BC530579 |
| ACTIONET INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for March 27, 2014 at 8:30 am in Dept. 30 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: December 19, 2013

BARBARA M. SCHEPER
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: December 19, 2013

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1  V. James DeSimone, SBN 119668
   vjdesimone@gmail.com
2  Kunti Dudakia, SBN 279090
   kdudakia@sdshhlaw.com
3  SCHONBRUN DESIMONE SEPLOW
   HARRIS & HOFFMAN LLP
4  723 Ocean Front Walk
   Venice, CA 90291
5  Telephone: (310) 396-0731
   Facsimile: (310) 399-7040
6
7  Attorneys for Plaintiff Yowan Yang

**FILED**
Superior Court of California
County of Los Angeles

DEC 1 9 2013

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Shaunya Bolden

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12                                    )  Case No: BC530579
                                      )
13  YOWAN YANG, an individual,        )  Hon. Barbara Scheper
                                      )  Dept. 30
14         Plaintiff,                 )
                                      )
15            vs.                     )  NOTICE OF MOTION AND
                                      )  MOTION FOR PEREMPTORY
16  ACTIONET, INC. and DOES 1-10, inclusive )  CHALLENGE PURSUANT TO
                                      )  CODE OF CIVIL PROCEDURE
17         Defendants.                )  SECTION 170.6; DECLARATION
                                      )  OF KUNTI DUDAKIA IN
18                                    )  SUPPORT THEREOF
                                      )
19                                    )

20

21

22

23

24

25

26

27

28

                                    1.
─────────────────────────────────────────────────
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE
PURSUANT TO CCP SECTION 170.6; DECLARATION IN SUPPORT THEREOF

**TO THE COURT AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 170.6, Plaintiff Yowan Yang hereby moves this Court for a peremptory challenge of the Honorable Barbara Scheper to whom the above referenced case has been assigned for all purposes, on the grounds that Judge Scheper is prejudiced against Plaintiff or his interests in this litigation, such that Plaintiff believes he cannot receive a fair and impartial trial or hearing.

This Motion is based upon this Notice of Motion and the attached Declaration of Kunti Dudakia as well as the pleadings and papers previously filed in this action.

Plaintiff respectfully requests that the Court grant the relief requested herein and that this matter be assigned to a different judge for all purposes.


Dated: December 19, 2013

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP


By: _____
V. James DeSimone
Kunti Dudakia
Attorneys for Plaintiffs

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE
PURSUANT TO CCP SECTION 170.6; DECLARATION IN SUPPORT THEREOF

## DECLARATION OF KUNTI DUDAKIA

I, Kunti Dudakia, declare as follows:

1.　　I am an attorney admitted to practice law in the State of California and am an associate with the law firm of Schonbrun, DeSimone, Seplow, Harris & Hoffman LLP, attorneys of record for Plaintiff in the above-entitled case.  The matters stated herein are within my personal knowledge and I can therefore testify competently to these matters.

2.　　I am informed and believe that Judge Barbara Scheper, to whom the above referenced case has been assigned for all purposes, is prejudiced against my client, Yowan Yang, or his interests in this litigation such that I believe Plaintiff cannot have a fair and impartial trial or hearing before Judge Scheper.

3.　　This motion is timely filed within 15 days of Plaintiff first receiving notice that Judge Scheper was assigned to this case for all purposes.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2013, at Venice, California.

Kunti Dudakia
Attorney for Plaintiffs

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PEREMPTORY CHALLENGE
PURSUANT TO CCP SECTION 170.6; DECLARATION IN SUPPORT THEREOF

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/24/13　　　　　　　　　　　　　　　　　　　　　　DEPT. 30

HONORABLE BARBARA M. SCHEPER　　　JUDGE | R. AQUINO　　　　DEPUTY CLERK

HONORABLE　　　　　　　　　　JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

P. MAPSTEAD, C.A.　　Deputy Sheriff | NONE　　　　　　　Reporter

| BC530579 | Plaintiff Counsel | |
|---|---|---|
| YOWAN YANG | | NO APPEARANCES |
| VS | Defendant Counsel | |
| ACTIONET INC | | |

**NATURE OF PROCEEDINGS:**

YOWAN YANG'S PEREMPTORY CHALLENGE
AGAINST THE HONORABLE BARBARA M. SCHEPER,
DEPARTMENT 30

The Court reviews YOWAN YANG'S
Peremptory Challenge filed with the Court on
12/19/13 pursuant to Section 170.6
of the Code of Civil Procedure and finds that the
document was filed timely.

All future dates in this department are advanced
and vacated.

Upon direction from Department 1, the above matter
is reassigned from JUDGE BARBARA M. SCHEPER,
Department 30, to JUDGE MAUREEN DUFFY-LEWIS,
Department 38.

If any appearing party has not yet exercised a
peremptory challenge under Section 170.6 CCP,
peremptory challenges by them to the newly assigned
judge must be timely filed within the 15 day period
specified in Section 170.6 CCP, with extensions of
time pursuant to Section 1013 CCP if service is by
mail. Previously non-appearing parties, if any, have
a 15 day statutory period from first appearance to
file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

Page　1 of　2　DEPT. 30

MINUTES ENTERED
12/24/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/24/13

DEPT. 30

HONORABLE BARBARA M. SCHEPER   JUDGE   R. AQUINO   DEPUTY CLERK

HONORABLE   JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR

P. MAPSTEAD, C.A.   Deputy Sheriff   NONE   Reporter

BC530579                          Plaintiff
                                  Counsel
YOWAN YANG                                   NO APPEARANCES

                                  Defendant
                VS                Counsel
ACTIONET INC

NATURE OF PROCEEDINGS:

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Notice of Entry of the above minute
order upon each party or counsel named below by
placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.

Date: 12/24/13

Sherri R. Carter, Executive Officer/Clerk

By: _____
                R. AQUINO

KUNTI DUDAKIA, ESQ.
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 OCEAN FRONT WALK
VENICE, CA  90291

Page   2 of   2   DEPT. 30

MINUTES ENTERED
12/24/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/24/13

DEPT. 30

HONORABLE BARBARA M. SCHEPER      JUDGE | R. AQUINO      DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM      ELECTRONIC RECORDING MONITOR

P. MAPSTEAD, C.A.      Deputy Sheriff | NONE      Reporter

BC530579

YOWAN YANG

VS

ACTIONET INC

Plaintiff
Counsel

NO APPEARANCES

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

YOWAN YANG'S PEREMPTORY CHALLENGE
AGAINST THE HONORABLE BARBARA M. SCHEPER,
DEPARTMENT 30

The Court reviews YOWAN YANG'S
Peremptory Challenge filed with the Court on
12/19/13 pursuant to Section 170.6
of the Code of Civil Procedure and finds that the
document was filed timely.

All future dates in this department are advanced
and vacated.

Upon direction from Department 1, the above matter
is reassigned from JUDGE BARBARA M. SCHEPER,
Department 30, to JUDGE MAUREEN DUFFY-LEWIS,
Department 38.

If any appearing party has not yet exercised a
peremptory challenge under Section 170.6 CCP,
peremptory challenges by them to the newly assigned
judge must be timely filed within the 15 day period
specified in Section 170.6 CCP, with extensions of
time pursuant to Section 1013 CCP if service is by
mail. Previously non-appearing parties, if any, have
a 15 day statutory period from first appearance to
file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

Page   1 of   2   DEPT. 30

MINUTES ENTERED
12/24/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/24/13                                                                              **DEPT.** 30

HONORABLE  BARBARA M. SCHEPER        JUDGE    R. AQUINO              DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR

P. MAPSTEAD, C.A.    Deputy Sheriff    NONE                      Reporter

---

BC530579

YOWAN YANG

VS

ACTIONET INC

Plaintiff
Counsel        NO APPEARANCES

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Notice of Entry of the above minute
order upon each party or counsel named below by
placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.

Date: 12/24/13

Sherri R. Carter, Executive Officer/Clerk

By: _____/S/_____
           R. AQUINO


KUNTI DUDAKIA, ESQ.
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 OCEAN FRONT WALK
VENICE, CA  90291


Page    2 of    2    DEPT. 30

| MINUTES ENTERED |
| 12/24/13 |
| COUNTY CLERK |



1  REBECCA M. ARAGON, Bar No. 134496
   raragon@littler.com
2  LITTLER MENDELSON, P.C.
   633 West Fifth Street, 63rd Floor
3  Los Angeles, California 90071
   Telephone:    (213) 443-4300
4  Fax No.:      (213) 443-4299

5  Attorneys for Defendant
   ACTIONET, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10

11  YOWAN YANG, an individual,              CASE NO.  BC530579

12                  Plaintiff,              *[ASSIGNED FOR ALL PURPOSES TO JUDGE*
                                            *MAUREEN DUFFY-LEWIS, DEPT. 38]*
13       v.
                                            **DEFENDANT ACTIONET, INC.'S**
14  ACTIONET, INC., and DOES 1 through      **ANSWER AND AFFIRMATIVE**
    10, Inclusive,                          **DEFENSES TO PLAINTIFF'S**
15                                          **UNVERIFIED COMPLAINT FOR**
                    Defendant.              **DAMAGES**
16
                                            Complaint Filed:  December 27, 2013
17                                          Trial Date:  None Set

18

19        Defendant ACTIONET, INC. ("Defendant") hereby answers Plaintiff Yowan Yang's

20  ("Yang" or "Plaintiff") Unverified Complaint for Damages ("Complaint")  pursuant to section

21  431.30(b) of the California Code of Civil Procedure as follows:

22        Defendant denies generally and specifically each and every allegation contained in

23  Plaintiff's Unverified Complaint, conjunctively and disjunctively, and further denies that Plaintiff

24  has sustained any damages at all or that Plaintiff is entitled to any relief whatsoever.

25                         **AFFIRMATIVE DEFENSES**

26        In further answer to the Complaint, and as separate and distinct affirmative and other

27  defenses, Defendant alleges the following defenses.  In asserting these defenses, Defendant does not

28  assume the burden of proof as to any matter that, as a matter of law, is Plaintiff's burden to prove.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFENDANT ACTIONET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 30 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

BY FAX

1        1.    AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

2  alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and fails

3  to set forth a claim upon which relief may be granted.

4        2.    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

5  alleges that the Court lacks jurisdiction over any claims.

6        3.    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

7  alleges that Plaintiff unreasonably failed to take advantage of any preventative or corrective

8  opportunities provided by Defendant or to otherwise avoid harm.  Thus, Plaintiff's Complaint is

9  barred by the doctrine of avoidable consequences.

10       4.    AS AN FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

11  alleges that, all or portions of Plaintiff's claims are barred by the doctrine of unjust enrichment.

12       5.    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

13  alleges that, at all times, all actions taken with regard to Plaintiff, if any actions were taken with

14  regard to Plaintiff, were just, fair, honest, in good faith, privileged, without illegal motivation, based

15  upon legitimate business reasons and were based upon all relevant facts and circumstances known by

16  Defendant at the time of the actions.

17       6.    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

18  alleges that all actions taken with respect to Plaintiff were taken, and would also have been taken, for

19  legitimate, good faith reasons, even if an unlawful motivation may have existed, that unlawful

20  motivation was not a determinative factor.

21       7.    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

22  alleges that all actions taken by Defendant with respect to Plaintiff were reasonably necessary for the

23  normal operation of Defendant's business and were based on job-related factors that were consistent

24  with business necessity.

25       8.    AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

26  alleges that it promulgated an anti-harassment policy and complaint procedure which was

27  communicated to Plaintiff and all of Defendant's employees, and Defendant exercised reasonable

28

DEFENDANT ACTIONET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES

1  care to prevent and correct promptly any inappropriate conduct.  Defendant addressed Plaintiff's

2  alleged complaint of alleged offensive and/or harassing conduct, if any, and took necessary and

3  appropriate action, and/or Plaintiff unreasonably failed to take advantage of the complaint

4  procedures, failed to take advantage of other preventative or corrective opportunities provided by

5  Defendant, and otherwise failed to avoid harm thereby limiting any damages to which Plaintiff

6  otherwise might be entitled to recover.

7          9.     AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

8  alleges that, assuming *arguendo*, the alleged harassing and/or unlawful conduct occurred, Defendant

9  took immediate and appropriate corrective action to stop the harassing and/or offensive conduct

10  from occurring.

11         10.    AS AN TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

12  alleges that Plaintiff's Complaint is preempted to the extent that he seeks a remedy for any alleged

13  mental, emotional or physical injuries, illnesses or disabilities, as those claims are preempted by the

14  exclusivity provisions of the California Workers' Compensation Act, California Labor Code § 3200

15  *et seq.*  Any compensable injury to Plaintiff occurred at a time when Plaintiff and Defendant were

16  subject to the provisions of the California Workers' Compensation Act.

17         11.    AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

18  Defendant alleges that Plaintiff failed to perform his employment obligations in conformity with

19  applicable custom and practices, directions, training policies, and statutory duties, including but not

20  limited to those duties imposed pursuant to California Labor Code sections 2854, 2856, 2857, 2858

21  and/or 2859.

22         12.    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

23  alleges that Plaintiff's claims against Defendant are barred by the doctrine of managerial immunity.

24         13.    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

25  Defendant alleges that Plaintiff's Complaint is barred in whole or in part because Plaintiff was

26  careless, negligent, and/or otherwise at fault in the matters alleged in the Complaint, and the

27  resulting injuries sustained by Plaintiff, if any, were proximately caused and contributed to by

28

3.

1  Plaintiff.

2        14.    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

3  Defendant alleges that any harm or damage allegedly suffered by Plaintiff was caused by his own

4  intentional and/or negligent actions and/or omissions.

5        15.    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

6  Defendant alleges that Plaintiff's claims are barred due to the fact that Plaintiff participated in,

7  provoked, consented to and/or welcomed any alleged conduct complained of.

8        16.    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9  Defendant alleges that any recovery Plaintiff may be entitled to herein should be offset and/or

10  reduced by the proportionate amount of Plaintiff's negligence, fault, bad faith and breach of common

11  law duties.

12        17.    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

13  Defendant alleges that all or portions of Plaintiff's claims are barred by the equitable doctrines of

14  unclean hands, waiver, estoppel, and/or laches

15        18.    AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

16  Defendant alleges that Plaintiff has failed to mitigate his damages.

17        19.    AS AN NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

18  Defendant alleges that to the extent Plaintiff has made any claim for special damages, Plaintiff has

19  failed to state such claim with the requisite specificity.

20        20.    AS AN TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

21  Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant,

22  either in whole or in part, under the applicable provisions of California Civil Code section 3294, or

23  such other statutes that may be applicable.

24        21.    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

25  Defendant alleges that it did not act with malice, oppression or fraud nor did it engage in any

26  despicable acts that would warrant the imposition of punitive damages.  Thus, Plaintiff's Complaint

27  fails to state facts sufficient to support a claim for punitive damages.

28

1        22.    AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

2    Defendant alleges that any requirement that permits imposition of punitive or exemplary damages

3    which are in effect criminal penalties, upon proof of a standard less than a standard "beyond a

4    reasonable doubt," or which denies to Defendant the right given to Defendant in criminal

5    proceedings, violates Defendant's rights under the First, Fifth, Sixth, Eighth and Fourteenth

6    Amendments of the United States Constitution and under the Constitution of the State of California.

7        23.    AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

8    Defendant alleges that Plaintiff is not entitled to recover from Defendant punitive or exemplary

9    damages herein for the alleged fraudulent, oppressive or malicious acts referred to in the Complaint

10   on the grounds that said acts, if any, were performed by an employee or employees of Defendant and

11   none of the Defendant's officers, directors or managing agents committed the alleged acts, nor

12   authorized them, nor ratified them, nor did Defendant or its officers, or managing agents have

13   advance knowledge of the unfitness, if any, of the employee who allegedly committed said acts, nor

14   did Defendants employ said employee with a conscious disregard of the rights or safety of others.

15       24.    AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

16   Defendant alleges that the Complaint is uncertain.

17       25.    AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

18   Defendant alleges that the Complaint fails to properly state a claim on which prejudgment interest

19   may be awarded because the amount of any damages is not reasonably certain.

20       26.    AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21   Defendant alleges that if Plaintiff suffered any emotional distress, his emotional distress was caused

22   by factors other than Plaintiff's employment, the actions of Defendant, or anyone acting on

23   Defendant's behalf.

24       27.    AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendant alleges that if Plaintiff suffered any emotional distress, Plaintiff contributed to his own

26   distress and, by reason of his contribution, any remedy to which he might otherwise be entitled must

27   be denied or reduced accordingly.

28

28.   AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any award to Plaintiff must be offset by all sums heretofore received by Plaintiff from other sources, including but not limited to, unemployment insurance, private insurance, state disability insurance, Social Security disability payments, workers' compensation payments, and any sums earned by Plaintiff in other employment.

29.   AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to properly state a claim for costs or attorneys' fees.

30.   AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to properly state a claim for recovery of compensatory or general damages, or recovery of damages on any basis.

31.   AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it is not vicariously liable for any act or omission of any other person, by way of *respondeat superior*, agency or otherwise.

32.   AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint is barred in whole or in part because Defendant's conduct was privileged at all material times.

33.   AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, assuming *arguendo*, any employee or agent of Defendants engaged in any unlawful conduct toward Plaintiff (which Defendant denies), such conduct was contrary to Defendant's express policies and beyond the course and scope of that individual's employment or agency relationship and cannot be attributed to Defendant, and Defendant cannot be held liable for any such actions.

34.   AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are unreasonable and/or asserted against Defendants in bad faith, and are frivolous, and for that reason justify an award of attorneys' fees and costs against Plaintiff pursuant to the California Code of Civil Procedure section 128.7 and pursuant to the California Rules of Court.

6.

1        35.    AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendant reserves the right to amend its answer should it later discover facts demonstrating the

3  existence of new and/or additional affirmative defenses, and/or should a change in the law support

4  the inclusion of new and/or additional defenses.

5                        **PRAYER FOR RELIEF**

6        WHEREFORE, Defendant prays for judgment from the Court that:

7        1.    Plaintiff takes nothing by this action;

8        2.    The Complaint, and each purported cause of action alleged therein, be

9  dismissed in its entirety with prejudice;

10        3.    Defendant be awarded its costs of suit incurred herein;

11        4.    Defendant be awarded its attorneys' fees pursuant to law, including but not

12  limited to California Code of Civil Procedure section 1033.5(a)(10)(B); and

13        5.    Defendant be awarded such other and further relief as the Court deems just

14  and proper.

15  DATED: January 30, 2014        LITTLER MENDELSON, P.C.

16

17

18                      REBECCA M. ARAGON

                          Attorneys for Defendant

19                      ACTIONET, INC.

20

21

22

23

24

25

26

27

28

DEFENDANT ACTIONET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES

1

## PROOF OF SERVICE

2 COUNTY OF LOS ANGELES          )
                                                              )  ss.
3 STATE OF CALIFORNIA          )

4          I am employed in the County of Los Angeles, State of California. I am over the age of 18

5 and not a party to the within action; my business address is 633 West Fifth Street, 63rd Floor, Los

6 Angeles, California 90071.

7          On January 30, 2014, I served the foregoing document(s) described as **DEFENDANT**

8 **ACTIONET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**

9 **UNVERIFIED COMPLAINT FOR DAMAGES** on the interested parties in this action addressed

10 as follows:

11 V. James DeSimone, Esq.
   Kunti Dudakia, Esq.
12 Schonbrun DeSimone Seplow Harris & Hoffman
   723 Ocean Front Walk
13 Venice, California 90291
   Tel.: (310) 396-0731
14 Fax: (310) 399-7040

15

16 ☒      By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

17
18 ☒      **BY MAIL (CCP § 1013(a)&(b)):** I am "readily familiar" with the firm's practice
          of collection and processing correspondence for mailing. Under that practice, it
19        would be deposited with the U.S. Postal Service on that same day with postage
          thereon fully prepaid at Los Angeles, California in the ordinary course of business.
20        I am aware that on motion of the party served, service is presumed invalid if postal
          cancellation date or postage meter date is more than one date after date of deposit
21        for mailing the affidavit.

22 ☐      **BY OVERNIGHT COURIER (CCP § 1013(c)&(d)):** I enclosed the documents
          in an envelope or package provided by an overnight delivery carrier and addressed
23        to the person(s) at the address(es) noted above. I placed the envelope or package
          for collection and overnight delivery at an office or a regularly utilized drop box of
24        the overnight delivery carrier.

25 ☐      **BY PERSONAL SERVICE (CCP § 1011):** I caused said documents to be served
          by having a professional messenger service, _____, personally
26        deliver them to the person(s) at the address(es) noted above. (A confirmation
          document of the professional messenger service will be retained in our office.)

27

28

8.

DEFENDANT ACTIONET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES

☐  **BY FACSIMILE (CCP § 1013(e) and (f) and CRC Rule 2.306(h)):**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax number(s) noted above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.  The facsimile machine used complies with CRC Rule 2003(3).  Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error.

☐  **BY EMAIL (CCP § 1010.6; CRC Rule 2.251(g)):**  I transmitted the above-stated document(s) and an unsigned copy of this declaration from my computer (electronic notification address _____@littler.com located at Littler Mendelson, 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071 to the interested parties in this action whose names and e-mail addresses are listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  Service by e-mail or electronic transmission was agreed upon based on a court order or an agreement of the parties to accept service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 30, 2014, at Los Angeles, California.

JOANNIE HAN-DRESSOR

Firmwide:125154211.2 072148.1003

9.

DEFENDANT ACTIONET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES



CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 30 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

1  REBECCA M. ARAGON, Bar No. 134496
   raragon@littler.com
2  LITTLER MENDELSON, P.C.
   633 West Fifth Street, 63rd Floor
3  Los Angeles, California 90071
   Telephone:   (213) 443-4300
4  Fax No.:      (213) 443-4299

5  Attorneys for Defendant
   ACTIONET, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10  YOWAN YANG, an individual,            CASE NO.  BC530579

11              Plaintiff,                 *[ASSIGNED FOR ALL PURPOSES TO JUDGE*
                                           *MAUREEN DUFFY-LEWIS, DEPT. 38]*
12       v.
                                           **DEFENDANT'S MOTION FOR**
13  ACTIONET, INC., and DOES 1 through     **PEREMPTORY DISQUALIFICATION**
    10, Inclusive,                         **PURSUANT TO CODE OF CIVIL**
14                                         **PROCEDURE § 170.6**
                Defendant.
15

16                                         Complaint Filed:   December 27, 2013
                                           Trial Date:        N/A
17

18  **TO THE HONORABLE JUDGE OF THE SUPERIOR COURT, AND TO PLAINTIFF AND**

19  **HIS ATTORNEYS OF RECORD:**

20       **PLEASE TAKE NOTICE** that Defendant ACTIONET, INC. ("Defendant") hereby moves,

21  pursuant to Code of Civil Procedure section 170.6(a)(2), that this case, which involves contested

22  issues of law and/or fact, and which has been assigned to the Honorable Maureen Duffy-Lewis for

23  all purposes, be reassigned from the Honorable Maureen Duffy-Lewis and that no matters

24  hereinafter arising in this case be heard by or assigned to the Honorable Maureen Duffy-Lewis on

25  the grounds that said judge is prejudiced against Defendant or the interests of Defendant in this

26  action, such that Defendant believes that it cannot have a fair and impartial trial before said judge.

27  *See* Declaration of Rebecca M. Aragon ("Aragon Decl.") ¶ 4, filed and served concurrently herewith.

28       "If a peremptory challenge motion in proper form is timely filed under section 170.6, the

DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL
PROCEDURE § 170.6

1   court must accept it without further inquiry." *Stephens v. Super. Ct.*, 96 Cal. App. 4th 54, 59 (2002);

2   *see also Davcon, Inc. v. Roberts & Morgan*, 110 Cal. App. 4th 1355, 1361-62 (2003) (peremptory

3   challenge is effective "without any further act or proof" when accepted by the judge).

4         Defendant's motion is timely, as it has been filed contemporaneously with its first appearance

5   and before commencement of trial. *See* supporting Aragon Decl., ¶ 2. See also Cal. Civ. Proc. Code

6   § 170.6(a)(2); Cal. Gov't Code § 68616; *Motion Picture and Television Fund Hosp. v. Superior Ct.*

7   *of Los Angeles County*, 88 Cal. App. 4th 488 (2001); *Cybermedia, Inc. v. Superior Ct. of Los*

8   *Angeles County*, 72 Cal. App. 4th 910 (1999). Defendant has not previously made a peremptory

9   challenge to a judge in this action, and thus this request shall be properly granted. *Id.* ¶ 3.

10        This motion is based upon the matters contained herein, Section 170.6 of the California Code

11   of Civil Procedure, and the supporting Declaration of Rebecca M. Aragon, filed and served

12   concurrently herewith.

13        WHEREFORE, the Court is respectfully requested to grant the relief requested by

14   this motion.

15

16   DATED:  January 30, 2014           LITTLER MENDELSON, P.C.

17

18

19                         REBECCA M. ARAGON

                             Attorneys for Defendant

20                         ACTIONET, INC.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C
633 West Fifth Floor
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL
PROCEDURE § 170.6

**PROOF OF SERVICE**

COUNTY OF LOS ANGELES     )
                                   )  ss.

STATE OF CALIFORNIA         )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 633 West Fifth Street, 63rd Floor, Los Angeles, California  90071.

      On January 30, 2014, I served the foregoing document(s) described as **DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6** on the interested parties in this action addressed as follows:

V. James DeSimone, Esq.
Kunti Dudakia, Esq.
Schonbrun DeSimone Seplow Harris & Hoffman
723 Ocean Front Walk
Venice, California  90291
Tel.: (310) 396-0731
Fax: (310) 399-7040

☒    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

    ☒    **BY MAIL (CCP § 1013(a)&(b)):**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing the affidavit.

    ☐    **BY OVERNIGHT COURIER (CCP § 1013(c)&(d)):**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) noted above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

    ☐    **BY PERSONAL SERVICE (CCP § 1011):**  I caused said documents to be served by having a professional messenger service, _____, personally deliver them to the person(s) at the address(es) noted above.  (A confirmation document of the professional messenger service will be retained in our office.)

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6

☐   **BY FACSIMILE (CCP § 1013(e) and (f) and CRC Rule 2.306(h)):** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax number(s) noted above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. The facsimile machine used complies with CRC Rule 2003(3). Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error.

☐   **BY EMAIL (CCP § 1010.6; CRC Rule 2.251(g)):** I transmitted the above-stated document(s) and an unsigned copy of this declaration from my computer (electronic notification address _____@littler.com located at Littler Mendelson, 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071 to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic transmission was agreed upon based on a court order or an agreement of the parties to accept service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 30, 2014, at Los Angeles, California.

JOANNIE HAN-DRESSOR

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6



1   REBECCA M. ARAGON, Bar No. 134496
    raragon@littler.com
2   LITTLER MENDELSON, P.C.
    633 West Fifth Street, 63rd Floor
3   Los Angeles, California 90071
    Telephone:    (213) 443-4300
4   Fax No.:       (213) 443-4299

5   Attorneys for Defendant
    ACTIONET, INC.
6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF LOS ANGELES

10  YOWAN YANG, an individual,              CASE NO. BC530579

11               Plaintiff,                 [ASSIGNED FOR ALL PURPOSES TO JUDGE
                                            MAUREEN DUFFY-LEWIS, DEPT. 38]
12       v.
                                            DECLARATION OF REBECCA M.
13  ACTIONET, INC., and DOES 1 through      ARAGON IN SUPPORT OF
    10, Inclusive,                          DEFENDANT'S MOTION FOR
14                                          PEREMPTORY DISQUALIFICATION
                 Defendant.                 PURSUANT TO CODE OF CIVIL
15                                          PROCEDURE § 170.6

16

17                                          Complaint Filed:   December 27, 2013
                                            Trial Date:        N/A
18

19

20

21

22

23

24

25

26

27

28

Firmwide:125274649.1 072148.1003

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DECLARATION OF REBECCA M. ARAGON IN SUPPORT OF DEFENDANT'S MOTION FOR PEREMPTORY
DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6

## DECLARATION OF REBECCA M. ARAGON

I, Rebecca M. Aragon, declare as follows:

1.      I am a member of the State Bar of California and am admitted to practice before this Court. I am a shareholder with the law firm of Littler Mendelson, P.C., counsel of record for Defendant ACTIONET, INC. ("Defendant"). I make this Declaration in support of Defendant's Motion for Peremptory Disqualification Pursuant to Code of Civil Procedure § 170.6 ("Motion"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to each such fact.

2.      Defendant's Motion is being filed contemporaneously with Defendant's first appearance, namely the filing of Defendant Actionet, Inc.'s Answer and Affirmative Defenses to Plaintiff's Unverified Complaint for Damages.  Accordingly, this motion is timely pursuant to California Code of Civil Procedure Section 170.6.

3.      Defendant has not previously made a peremptory challenge to a judge in this action.

4.      I am informed and believe that the Honorable Maureen Duffy-Lewis, the judge to whom this matter has been assigned for all purposes, is prejudiced against Defendant such that Defendant cannot, or believes that it cannot, have a fair and impartial trial before said Judge.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of January, 2014, at Los Angeles, California.

REBECCA M. ARAGON

Firmwide:125274649.1 072148.1003

LITTLER MENDELSON, P.C
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1.

DECLARATION OF REBECCA M. ARAGON IN SUPPORT OF DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6

1 **PROOF OF SERVICE**

2 COUNTY OF LOS ANGELES )
ss.
3 STATE OF CALIFORNIA )

4 I am employed in the County of Los Angeles, State of California. I am over the age of 18

5 and not a party to the within action; my business address is 633 West Fifth Street, 63rd Floor, Los

6 Angeles, California 90071.

7 On January 30, 2014, I served the foregoing document(s) described as **DECLARATION OF**

8 **REBECCA M. ARAGON IN SUPPORT OF DEFENDANT'S MOTION FOR**

9 **PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE §**

10 **170.6** on the interested parties in this action addressed as follows:

11 V. James DeSimone, Esq.
Kunti Dudakia, Esq.
12 Schonbrun DeSimone Seplow Harris & Hoffman
723 Ocean Front Walk
13 Venice, California 90291
Tel.: (310) 396-0731
14 Fax: (310) 399-7040

15

16 [X] By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

17 [X] **BY MAIL (CCP § 1013(a)&(b)):** I am "readily familiar" with the firm's practice
18 of collection and processing correspondence for mailing. Under that practice, it
would be deposited with the U.S. Postal Service on that same day with postage
19 thereon fully prepaid at Los Angeles, California in the ordinary course of business.
I am aware that on motion of the party served, service is presumed invalid if postal
20 cancellation date or postage meter date is more than one date after date of deposit
21 for mailing the affidavit.

22 [ ] **BY OVERNIGHT COURIER (CCP § 1013(c)&(d)):** I enclosed the documents
in an envelope or package provided by an overnight delivery carrier and addressed
23 to the person(s) at the address(es) noted above. I placed the envelope or package
for collection and overnight delivery at an office or a regularly utilized drop box of
24 the overnight delivery carrier.

25 [ ] **BY PERSONAL SERVICE (CCP § 1011):** I caused said documents to be served
26 by having a professional messenger service, _____, personally
deliver them to the person(s) at the address(es) noted above. (A confirmation
27 document of the professional messenger service will be retained in our office.)

28

Firmwide:125274649.1 072148.1003                     2.

DECLARATION OF REBECCA M. ARAGON IN SUPPORT OF DEFENDANT'S MOTION FOR PEREMPTORY
DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6

1

2

3

4

5

☐ **BY FACSIMILE (CCP § 1013(e) and (f) and CRC Rule 2.306(h)):** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax number(s) noted above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. The facsimile machine used complies with CRC Rule 2003(3). Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error.

6

7

8

9

10

☐ **BY EMAIL (CCP § 1010.6; CRC Rule 2.251(g)):** I transmitted the above-stated document(s) and an unsigned copy of this declaration from my computer (electronic notification address _____@littler.com located at Littler Mendelson, 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071 to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic transmission was agreed upon based on a court order or an agreement of the parties to accept service.

11

12

13

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 30, 2014, at Los Angeles, California.

14

15

16

_JOANNIE HAN-DRESSOR_

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:125274649.1 072148.1003

3.

DECLARATION OF REBECCA M. ARAGON IN SUPPORT OF DEFENDANT'S MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6

# Exhibit B

V. James DeSimone, SBN 119668
vjdesimone@gmail.com
Kunti Dudakia, SBN 279090
kdudakia@sdshhlaw.com
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone No.: (310) 396-0731
Facsimile No.: (310) 399-7040

Attorneys for PLAINTIFF Yowan Yang

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Yowan Yang, an individual,<br><br>   Plaintiff,<br><br>  vs.<br><br>ACTIONET, Inc., and DOES 1 through 10, Inclusive,<br><br>   Defendants. | Case No.: BC530579<br><br>**Assigned to the Hon. Maureen Duffy Lewis**<br><br>**STATEMENT OF DAMAGES** |

**TO THE DEFENDANT AND ATTORNEY OF RECORD:**

  Pursuant to Code of Civil Procedure § 425.11, Plaintiff provides the following statement of damages.

STATEMENT OF DAMAGES
- 1 -

**DAMAGES**

Plaintiff has incurred medical bills in a presently unknown amount. Plaintiff has suffered non-economic damages.  In particular, he has experienced, and continues to experience, severe emotional distress and mental injuries including but not limited to: humiliation, grief, nervousness, shame, fright, anxiety, depression, panic attacks, sorrow, worry, low self-esteem and related emotional and mental anguish, in an amount to be determined by the jury at the trial of this matter. Plaintiff has suffered a loss of earnings, with an estimated loss of salary at $48,000 per year with loss of benefits (life insurance, short term/long term disability, health insurance) in an amount to be calculated by an expert at trial.

Plaintiff is entitled to a recovery of reasonable attorneys' fees and costs under Civil Code §§ 51.7, 52, and 52.1.


Dated: January 28, 2014                SCHONBRUN DESIMONE SEPLOW
                                       HARRIS & HOFFMAN LLP


                              By: _____
                                       V. James DeSimone
                                       Kunti Dudakia
                                       Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Audrey B. Collins_____ and the assigned Magistrate Judge is _____Stephen J. Hillman_____ .

The case number on all documents filed with the Court should read as follows:

## 2:14CV792 ABC SHx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 31, 2014_____
Date

By  J.Prado_____
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)          NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

YOWAN YANG

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

ACTIONET, INC.

**(b)** County of Residence of First Listed Plaintiff    Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
V. James DeSimone, Esq.
Schonbrun DeSimone Seplow Harris & Hoffman, LLP
723 Ocean Front Walk
Venice, California  90291  (310-396-0731)

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Rebecca M. Aragon, Esq.
Littler Mendelson
633 West Fifth Street, 63rd Floor
Los Angeles, California  90071  (213-443-4300)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ Not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

U.S.C. sections 1332, 1441 and 1446 (Diversity Jurisdiction)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    CV14-0792

CV-71 (11/13)                    CIVIL COVER SHEET                    Page 1 of 3

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes   [ ] No | [x] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| [ ] Yes   [ ] No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1.  Is either of the following true? If so, check the one that applies: | C.2.  Is either of the following true? If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**       DATE: 1/31/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |